UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOFRONZO ERIC HORNE,

    Petitioner,

v.

THOMAS WINN,

    Respondent.

Case No. 17-13225
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO STAY [14]**

Sofronzo Eric Horne pled guilty to the delivery or manufacture of less than 50 grams of cocaine. He was sentenced to 12 to 30 years imprisonment. He now seeks a writ of habeas corpus. *See* 28 U.S.C. § 2254.

On November 21, 2017, Horne asked the Court to stay the proceedings and hold his petition in abeyance so that he could return to state court to exhaust additional claims. (R. 7.) Two months later, in January 2018, Horne moved to withdraw that motion. (R. 9.) The Court granted Horne's motion to withdraw. (R. 13.) About a month later, Horne again asked the Court to stay the proceedings and hold his petition in abeyance so that he could return to state court to exhaust an additional claim challenging venue. (R. 14.)

For the reasons that follow, the Court will deny Horne's motion.

**I.**

Exhaustion of state remedies requires habeas corpus petitioners to fairly present all their claims to the state courts before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review

process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *Id*. at 847. So to be properly exhausted, each habeas claim must have been fairly presented to the state court of appeals and to the state supreme court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). Federal district courts ordinarily must dismiss a habeas petition containing any unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982).

The stay-and-abeyance procedure is appropriate only in "limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). However, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278. "In such circumstances, the district court should stay, rather than dismiss, the mixed petition," because "the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Id*. This Court has discretion to utilize the stay and abeyance procedure in cases, such as this, where a habeas petition contains exhausted claims and the petitioner seeks to return to the state courts to exhaust additional claims. *See, e.g.*, *Thomas v. Stoddard*, 89 F. Supp. 937, 941–43 (E.D. Mich. 2015).

In this case, though, application of the factors does not warrant a stay. Most significantly, the claim that Horne seeks to exhaust in state court is "plainly meritless." Horne seeks to assert that his state criminal proceeding was in an improper venue because the state court improperly applied Michigan law. (R. 14.) A federal court may review a state prisoner's habeas petition only if the petitioner assert that he is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). So "a federal court may not issue the writ on the basis of

2

a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Horne makes no argument why this state law error could be considered a constitutional violation. *See id*. Thus, the claim he seeks to exhaust is not proper for a federal habeas petition. Further, Horne neither alleges nor establishes good cause for his failure to raise his venue claims in the state courts before proceeding on habeas review in federal court.

A stay and abeyance is not warranted in this case.

## II.

For the reasons stated, the Court DENIES Horne's motion to stay the proceedings and hold the habeas petition in abeyance. The Court shall address the merits of Horne's current claims in a forthcoming decision.

SO ORDERED.

Dated: August 9, 2018

s/Laurie J. Michelson
LAURIE J. MICHELSON
U.S. DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 9, 2018.

s/Keisha Jackson
Case Manager