UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOFRONZO ERIC HORNE,

    Petitioner,

v.

THOMAS WINN,

    Respondent.

Case No. 17-13225
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING AMENDED PETITION
FOR WRIT OF HABEAS CORPUS [10]**

Michigan prisoner Sofronzo Eric Horne pleaded guilty to the delivery or manufacture of less than 50 grams of heroin pursuant to a plea agreement in the Livingston County Circuit Court. Horne was sentenced as a fourth habitual offender to 12 to 30 years imprisonment, restitution, and certain court costs in 2015. Horne now brings a habeas corpus petition pursuant to 28 U.S.C. § 2254 and raises claims concerning the validity of his sentence and restitution. For the reasons stated below, the Court concludes that those claims lack merit and denies the petition.

**I.**

Horne's conviction arises from his sale of heroin to two individuals in 2013 that resulted in a woman's death. (*See* ECF No. 12-3, PageID.238.) Horne was initially charged, as a fourth habitual offender, with the delivery of heroin causing death. (*See* ECF No. 12-1.) In January 2015, he pleaded guilty to the lesser included offense of delivery of less than 50 grams of heroin and admitted being a fourth habitual offender. (*See* ECF No. 12-3, PageID.232–233, 237–238.)

A sentencing hearing was held in February 2015. The trial court stated that the sentencing guidelines were scored at 38 to 152 months, which included a sentencing enhancement because a

death resulted from the commission of the offense (Offense Variable 3). (ECF No. 12-4, PageID.259–260.) The court rejected a challenge by defense counsel to the scoring of Offense Variable 3 (OV-3). (*Id.* at PageID.266–267.) The trial court then sentenced Horne as a fourth habitual offender to 12 to 30 years imprisonment, restitution, and certain court costs. (*Id.* at PageID.269.)

After the Michigan Supreme Court held that the state's mandatory sentencing guidelines violated the Sixth Amendment, *see People v. Lockridge*, 870 N.W.2d 502, 511 (Mich. 2015), Horne filed a motion with the trial court challenging the validity of his sentence under *Lockridge*. The trial court conducted a hearing and denied the motion. (ECF No. 12-5.)

Horne then filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied for lack of merit. *People v. Horne*, No. 330188 (Mich. Ct. App. Feb. 2, 2016). He also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Horne*, 882 N.W.2d 160 (Mich. 2016).

Horne's amended petition for a writ of habeas corpus raises two claims. He alleges that he was deprived of his constitutional rights because (1) his sentence was based on an erroneously scored offense variable influenced by an uncharged offense and (2) the restitution portion of his sentence is not supported by any evidence in the record. (ECF No. 10.)

## II.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") (and 28 U.S.C. § 2254 in particular) "confirm[s] that state courts are the principal forum for asserting constitutional challenges to state convictions." *Harrington v. Richter*, 562 U.S. 86, 103 (2011), *see also Cullen v. Pinholster*, 563 U.S. 170, 182 (2011). If a claim was "adjudicated on the merits in State court proceedings," this Court cannot grant habeas corpus relief on the basis of that claim "unless the

adjudication of the claim . . . resulted in a decision" (1) "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d). But if the state courts did not adjudicate a claim "on the merits," this "'AEDPA deference' does not apply and [this Court] will review the claim de novo." *Bies v. Sheldon*, 775 F.3d 386, 395 (6th Cir. 2014).

### III.

### A.

Horne first asserts that he is entitled to habeas relief because his sentence was erroneously enhanced based on judge-found facts. (ECF No. 10, PageID.49.)

After Horne pleaded guilty to delivery of heroin as a fourth habitual offender, in accordance with the sentencing scheme in place at the time, his mandatory sentencing guidelines range was calculated by scoring a number of offense variables. At the sentencing hearing, Horne's counsel objected to the scoring of OV-3, which was scored at 100 points based on the fact that "death result[ed] from the commission of the offense." (ECF No. 12-4, PageID.260.) This fact was not an element of the lesser offense Horne was convicted of, nor did Horne otherwise admit to it as part of the plea. Moreover, defense counsel argued that testimony and a report by the pathologist indicated that the victim's death was an accident and that she died from overdosing on multiple drugs, not just the heroin sold to her by Horne. (*Id.*) Horne's counsel argued that if OV-3 was properly scored, the guidelines range would have been 5 to 46 months, rather than 38 to 152 months. (*Id.* at PageID.263.)

The sentencing judge found that Horne's sale of heroin to the victim resulted in her death and so he had properly scored OV-3. The judge thus denied defense counsel's challenge to the

3

guidelines range. (*Id.* at PageID.267.) The judge then sentenced Horne to a minimum sentence of 12 years (144 months), near the top of the guidelines range. (*Id.* at PageID.269.)

To the extent that Horne challenges the underlying finding that his crime resulted in the death of a woman, his claim is not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Pulley v. Harris*, 465 U.S. 37, 41 (1984)) ("Because Petitioner alleges only errors of state sentencing law, his claims are not cognizable on habeas review."); *see also Coleman v. Curtin*, 425 F. App'x 483, 484–85 (6th Cir. 2011) ("To the extent that [petitioner] asserts his sentence was improperly calculated under state law, his claim is not cognizable in federal habeas proceedings."). Claims which arise out of a state trial court's scoring of offense variables are not cognizable on habeas review unless the petitioner can show that the scoring "was so unfair as to violate his due process rights or that the trial court relied on inaccurate information during sentencing." *Gunn v. Burton*, No. 19-1077, 2019 WL 7602327, at *3 (6th Cir. July 30, 2019).

Horne does also argue that his sentencing violated his due process rights. Horne asserts that his sentence violated his due process rights because the judge was influenced by a charged offense Horne did not plead to, as well as erroneous supporting facts. (ECF No. 10, PageID.40.) A sentence may violate federal due process if it is based on materially false information which the defendant had no opportunity to correct. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *see also Roberts v. United States*, 445 U.S. 552, 556 (1980); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested sentencing information). To prevail on such a claim, a petitioner must show that the court relied upon the

4

materially false information. *Marin v. Brewer*, No. 16-2420, 2017 WL 4677506, *3 (6th Cir. Apr. 28, 2017) (citing *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984)).

Horne makes no such showing (nor does he even seem to make the allegation). Rather, the record shows that Horne had a sentencing hearing and a motion hearing before the state trial court in which his counsel zealously contested the sentencing factors the judge relied on. (*See* ECF Nos. 12-4, 12-5.) Nor does Horne make any showing that the scoring was so unfair as to violate his due process rights. *See Gunn*, 2019 WL 7602327, at *3.

But Horne also asserts a violation of his Sixth Amendment right to a trial by jury. When calculating Horne's sentence, the sentencing judge considered the fact that a woman who bought drugs from Horne died from overdose. But, says Horne, no jury found that fact and he never admitted to it either. So, Horne argues, his Sixth Amendment rights were violated when the judge imposed his sentence.

Horne points to *Burrage v. United States*, 571 U.S. 204 (2014), and *Alleyne v. United States*, 570 U.S. 99 (2013), to support his claim that the sentencing court engaged in unconstitutional judicial fact-finding.

*Burrage* concerns the interpretation of a federal statute and does not apply in the context of Horne's conviction under Michigan Compiled Laws §§ 333.7401 and 769.12. *See* 571 U.S. at 218–19; *People v. Wright*, No. 11-238177-FC, 2015 Mich. Cir. LEXIS 452, *12 (Mich. 6th Cir. Ct. Jan. 22, 2015) ("*Burrage* concerned the construction of a sentence enhancement provision in a federal statute, 21 USC 841—not MCL 750.317a.").

That leaves Horne with *Alleyne*. And *Alleyne* does apply to Horne's sentencing. To understand why, a bit of additional law and procedural history is necessary.

First the law. In *Alleyne*, the Supreme Court held that in sentencing, "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 570 U.S. at 103. A few months after Horne's sentencing, the Michigan Supreme Court applied the holding in *Alleyne* to find that the state's mandatory sentencing guidelines in place at the time of Horne's sentencing violated the Sixth Amendment. *People v. Lockridge*, 870 N.W.2d 502, 511 (Mich. 2015). The court reasoned that the guidelines violated the Sixth Amendment because they "require[d] judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables that mandatorily increase[d] the floor of the guidelines minimum sentence range." *Id.* at 506. As a remedy, the court kept the guidelines in place but rendered them advisory rather than mandatory. *Id.* at 524.

Now the procedural history. Horne filed a motion with the trial court challenging the validity of his sentence under *Lockridge*. The trial court conducted a hearing and denied the motion. (ECF No. 12-5.) The trial court held that there was no plain error in Horne's sentencing because the court would have imposed the same sentence considering the guidelines as advisory rather than mandatory, as required by *Lockridge*. The court found an upward departure from the base sentence was warranted by the victim's death and the circumstances of the case. (*Id.* at PageID.279–280.) Horne also raised this claim in his application to the Michigan Court of Appeals for leave to appeal. (ECF No. 12-6, PageID.291.) Although the court did not discuss its reasoning, it denied the application "for lack of merit in the grounds presented." (*Id.* at PageID.282.) The Michigan Supreme Court also declined to review the claim. *See Horne*, 882 N.W.2d at 160.

That procedural history dictates a deferential standard of review of the state trial court's reasoning. Because neither of the state appellate court orders explains why Horne's claim was without merit, the Court looks "to the last reasoned state court opinion to determine the basis for

6

the state court's rejection of [Horne's] claim." *Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). Here, the last reasoned state court decision was the state sentencing court's decision denying Horne's motion for resentencing post-*Lockridge*. In that hearing, the judge ruled that he would have imposed the same sentence under an advisory version of the guidelines and thus declined to resentence Horne. (ECF No. 12-5, PageID.279.)

This decision was not contrary to or an unreasonable interpretation of clearly established federal law. *See* 28 U.S.C. § 2254(d).

It is true that Horne's sentence was originally imposed in violation of *Alleyne*, a clearly established Supreme Court precedent. But the state court remedied this error by holding a hearing on Horne's motion for resentencing and ruling that it would apply the same sentence under Michigan's new advisory sentencing scheme. Under Michigan law, this determination is all that is required to cure a *Lockridge* error. *See Lockridge*, 870 N.W.2d at 523 ("[A]ny of the errors in the procedure for selecting the original sentence discussed in this opinion would be harmless, and not prejudicial under plain error analysis, if the judge decides on remand . . . the sentence would have been essentially the same as originally imposed." (internal citation omitted)).

And there is no clearly established federal law that requires anything more. A sentence premised on an advisory version of previously mandatory sentencing guidelines does not implicate the Sixth Amendment and thus does not violate *Alleyne*. *See Horn v. Haas*, No. 2:17-CV-10181, 2019 WL 5653383, at *8 (E.D. Mich. Oct. 31, 2019) (citing *United States v. Booker*, 543 U.S. 220, 233 (2005)); *see also Reign v. Gidley*, 929 F.3d 777, 780 (6th Cir. 2019) ("[T]he constitutional error here was the mandatory application of the guidelines, not merely the consideration of judge-found facts."). Because Horne's sentence was reaffirmed under the advisory sentencing scheme,

7

the state court's decision to deny resentencing was reasonable and complied with both state and federal law.

Moreover, any improper judicial fact-finding at the original sentencing was harmless because the sentencing judge averred that he would have imposed the same sentence whether the guidelines were mandatory or advisory. *See Horn*, 2019 WL 5653383, at *8; *see also Orrick v. Macauley*, No. 19-1240, 2019 WL 2454856, at *3 (6th Cir. May 8, 2019) (affirming the district court's finding that the petitioner's claim under *Alleyne* was harmless, because the state trial court said that it would have imposed the same sentence whether the guidelines were mandatory or advisory).

Horne is thus not entitled to habeas relief on his claim that his sentence was computed based on impermissible judicial fact-finding.

**B.**

Horne also asserts that he is entitled to habeas relief because the trial court imposed restitution as part of his sentence without having a documented basis for doing so.

The Court does not have subject matter jurisdiction to review this claim because it is unrelated to Horne's custody. "In general, fines or restitution orders fall outside the scope of the federal habeas statute because they do not satisfy the 'in custody' requirement of a cognizable habeas claim." *Washington v. McQuiggin*, 529 F. App'x 766, 773 (6th Cir. 2013) (citing *United States v. Watroba*, 56 F.3d 28 (6th Cir. 1995)); *see also Michaels v. Hackel*, 491 F. App'x 670, 671 (6th Cir. 2012) (per curiam) (holding that a challenge to a fine is not cognizable under § 2254). So the Court must dismiss Horne's claim challenging his restitution order.

### IV.

For the reasons stated, the Court concludes that Horne's claims lack merit such that he is not entitled to federal habeas relief. Accordingly, the Court DENIES and DISMISSES WITH PREJUDICE the petition for a writ of habeas corpus. (ECF No. 10.)

Horne's motion to reopen case (ECF No. 20) is DISMISSED AS MOOT.

Before Horne may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the Court has rejected Horne's habeas claims on the merits, to satisfy § 2253(c)(2), Horne must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). Having conducted the requisite review, the Court concludes that Horne fails to make a substantial showing of the denial of a constitutional right as to his habeas claims. Accordingly, the Court DENIES a certificate of appealability.

However, if Horne chooses to appeal the Court's decision, he may proceed in forma pauperis on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

Dated: October 21, 2020

                                                   s/Laurie J. Michelson
                                                   LAURIE J. MICHELSON
                                                   UNITED STATES DISTRICT JUDGE